# United States Court of Appeals
## For the First Circuit

No. 25-1110

UNITED STATES, ex rel. OMNI HEALTHCARE INC.,

Plaintiff, Appellant,

v.

MD SPINE SOLUTIONS LLC, d/b/a MD LABS INC.; DENIS GRIZELJ; MATTHEW RUTLEDGE; DOE HEALTHCARE PROVIDERS 1 - 100,

Defendants, Appellees.

Before

Montecalvo, Lynch, and Thompson,
Circuit Judges.

**ORDER OF COURT**

Entered: July 10, 2026

Having won their appeal before us, the defendants/appellees (who, for convenience, we'll just refer to as "MD Labs") seek approximately $95,943.31 in appellate attorney's fees, plus any additional amount incurred during the pursuit of this fee figure. For support, MD Labs points to 31 U.S.C. § 3730(d)(4), which provides:

> If the Government does not proceed with the action and the person bringing the action conducts the action, the court may award to the defendant its reasonable attorneys' fees and expenses if the defendant prevails in the action and the court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment.

MD Labs's theory is, in short, that plaintiff/relator/appellant OMNI Healthcare's actions throughout this case were "clearly vexatious and brought primarily for purposes of harassment."

The district court agreed. It determined that OMNI's conduct was vexatious and, as a result, awarded MD Labs nearly $1.8 million in attorney's fees and costs. See generally OMNI Healthcare, Inc. v. MD Spine Sols. LLC, No. 18-cv-12558-PBS, 2025 WL 2933891 (D. Mass.

Sep. 5, 2025) (determining that the conduct was vexatious); see also OMNI Healthcare, Inc. v. MD Spine Sols. LLC, Order, No. 18-cv-12558-PBS, ECF No. 327, at 2 (D. Mass. Apr. 1, 2026) (award amount).

That fee decision is currently on its own separate appeal track. See Docket No. 26-1530. And so OMNI says (among other things) that we should hold off on deciding MD Labs's appellate attorney's fees motion here because of the separate pending appeal.

We agree. Much of MD Labs's claim for appellate attorney's fees turns on the findings made and the arguments accepted by the trial court. For instance, to quote MD Labs's opening brief for appellate fees: "Where Appellees were entitled to attorney's fees and costs from Appellant in the vexatious litigation below, it is only logical that Appellant be taxed Appellee's attorney's fees and costs incurred in connection with the appeal of the same litigation." And "[i]ndeed, the sole difference between Relator's misconduct below and its misconduct in prosecuting the appeal was that Relator chose to pursue the appeal not only knowing the falsity of its conduct, but now also having been warned by the District Court." Against this backdrop, holding off on our review of the motion seems to be the soundest decision.

MD Labs's rebuttal -- that further delay based on a "separate appeal" is inappropriate -- misses the point, given how it elsewhere (in the same brief) claims that the litigation at the district court and the appeals court are inextricably intertwined. See, e.g., Reply at 5-6 (arguing that OMNI's position, that only the appeal matters, is wrong, and that the "entire course of the litigation" is to be considered in determining vexatiousness (internal citation omitted)). If the panel that reviews the district court's fee decision determines that the decision was erroneous -- for instance, if the panel holds that the district court erred in determining that OMNI's conduct was "vexatious" within the meaning of the statute[1] -- that would likely impact the appropriateness of appellate attorney's fees available here. And, conversely, if this panel were to decide that OMNI's conduct was vexatious enough to warrant appellate attorney's fees, that might well be tantamount to approving the fee decision below, despite the separate ongoing appeal. We decline to do that. The more prudent path, especially given the larger sum at stake in the separate appeal, is to let that appeal play out and then return to this motion after another panel has reviewed the underlying decision.

So we will hold MD Labs's motion in abeyance pending the resolution of the separate appeal. We order the parties to provide a joint status update every 90 days, as well as within 30 days of the resolution of the appeal docketed in No. 26-1530.

By the Court:

Anastasia Dubrovsky, Clerk

---

[1] This example is just that -- an example -- and should not be read to indicate we think that.

cc:
Evan Noller Bianchi, Thomas Michael Kenny, Seth B. Orkand, Kevin P. Daly, Julianna M. Charpentier, Scott T. Garosshen, Donald Campbell Lockhart, Brian M. LaMacchia, Abraham R. George, Charles B. Weinograd, Treg Taylor, Robert Bonta, Philip J. Weiser, William M. Tong, Kathleen Jennings, Brian L. Schwalb, John Matthew Guard, Christopher M. Carr, Anne E. Lopez, Kwame Raoul, Theodore E. Rokita, Brenna Bird, Elizabeth B. Murrill, Anthony G. Brown, Matthew R. Turnell, Andrea J. Campbell, Dana Nessel, Keith Ellison, Austin Knudsen, Aaron D. Ford, Matthew J. Platkin, Raul Torrez, Letitia James, Jeffrey N. Jackson, Gentner F. Drummond, Peter F. Neronha, Jonathan Skrmetti, Warren Kenneth Paxton Jr., Charity R. Clark, Jason S. Miyares, Nicholas W. Brown